**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 17-4110**

_____

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

DERRICK LAMONT DIXON,

                    Defendant - Appellant.

_____

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Thomas D. Schroeder, District Judge.  (1:16-cr-00230-TDS-1)

_____

Submitted:  September 25, 2017                    Decided:  October 3, 2017

_____

Before MOTZ and WYNN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

Louis C. Allen, Federal Public Defender, Tiffany T. Jefferson, Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant.  Michael A. DeFranco, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Derrick Lamont Dixon appeals from his conviction and 57-month sentence imposed pursuant to his guilty plea to felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) (2012). Dixon's counsel submitted a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), concluding that there are no legally nonfrivolous grounds for appeal, but questioning whether Dixon's upward variant sentence is greater than necessary to accomplish the sentencing goals enumerated in 18 U.S.C. § 3553(a) (2012). Although advised of his right to do so, Dixon has not filed a pro se supplemental brief. The Government declined to file a brief. After a thorough review of the record, we affirm.

We review Dixon's sentence for procedural and substantive reasonableness, applying "a deferential abuse-of-discretion standard." *United States v. McDonald*, 850 F.3d 640, 643 (4th Cir. 2017) (internal quotation marks omitted). First, we "ensure that the district court committed no significant procedural error, such as . . . improperly calculating[] the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." *Gall v. United States*, 552 U.S. 38, 51 (2007).

Because we conclude there was no procedural error, we must also consider the substantive reasonableness of Dixon's sentence, "examin[ing] the totality of the circumstances to see whether the sentencing court abused its discretion in concluding that the sentence it chose satisfied the standards set forth in § 3553(a)." *See United States v.*

2

*Gomez-Jimenez*, 750 F.3d 370, 383 (4th Cir. 2014) (internal quotation marks omitted). A sentence must be "sufficient, but not great than necessary," to accomplish the goals set forth in 18 U.S.C. § 3553(a). "We review a variant sentence to determine the reasonableness of imposing such sentence and the extent of the variance from the Guidelines range." *United States v. Bolton*, 858 F.3d 905, 915 (4th Cir. 2017). "We will vacate such sentence if its stated reasoning is inadequate or if it relies on improper factors[, but will] . . . defer to the district court and affirm a reasonable sentence, even if we would have imposed something different." *Id.*

In fashioning Dixon's upward variant sentence, the district court provided a thorough explanation of its reasoning, expressly and appropriately relying on several of the § 3553(a) sentencing factors. The court considered "the nature and circumstances of the offense," § 3553(a)(1), particularly that Dixon had been involved in a hit-and-run collision and then pointed a gun at the family in the other vehicle, which included a toddler, as the family tried to follow him. The court also considered Dixon's "history and characteristics," § 3553(a)(1), noting his numerous juvenile offenses, including weapons offenses, that continued into his adulthood. Regarding the need for Dixon's sentence "to reflect the seriousness of the offense, . . . and to provide just punishment for the offense," § 3553(a)(2)(A), the court emphasized that Dixon actively used the firearm he was convicted of possessing. Furthermore, the court considered the need for Dixon's sentence "to afford adequate deterrence to criminal conduct," § 3553(a)(2)(B), in light of Dixon's criminal history, which the district court considered significant given his relative

3

youth. Finally, the court took into account the need for Dixon's sentence "to protect the public from [his] further crimes," § 3553(a)(2)(C).

The 57-month sentence imposed by the district court was 90 percent greater than the top of Dixon's 24- to 30-month Guidelines range. Even so, it was less than half of the statutory maximum 10-year sentence Dixon faced under § 924(a)(2). We have upheld much greater variances where the sentencing court took into account the § 3553(a) sentencing factors. *See United States v. Hernandez-Villanueva*, 473 F.3d 118, 123 (4th Cir. 2007) (upholding term three times longer than top of Guidelines range, where sentence "unquestionably serve[d] the § 3553(a) factors"). We conclude that Dixon's sentence was not greater than necessary to accomplish the § 3553(a) sentencing goals and that the sentence is substantively reasonable.

In accordance with *Anders*, we have reviewed the entire record for meritorious issues and have found none. Accordingly, we affirm Dixon's conviction and sentence. This court requires that counsel inform Dixon, in writing, of the right to petition the Supreme Court of the United States for further review. If Dixon requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Dixon. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

4